UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CLEO KILLS IN WATER,<br><br>Defendant. | 3:22-CR-30007-RAL<br><br><br>OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

Defendant Cleo Kills in Water filed a pro se motion for compassionate release. Doc. 108. Pursuant to the procedure established by Amended Standing Order 20-06, the United States Attorney and the Federal Public Defender for the Districts of North and South Dakota categorized her motion as Low Priority, Doc. 110, and the Federal Public Defender chose not to supplement Kills in Water's motion. The Government opposes the motion. Doc. 111. For the following reasons, this Court denies Kills in Water's motion for compassionate release.

I.  **Factual Background**

On May 26, 2022, Kills in Water pled guilty to one count of Assault with a Dangerous Weapon in violation of 18 U.S.C. §§ 1153 and 113(a)(3). Doc. 88 at 1. On August 15, 2022, the undersigned judge sentenced Kills in Water to twelve months and one day imprisonment, followed by two years of supervised release, and to pay $100 special assessment. Docs. 105, 107. Kills in Water submitted a request for compassionate release to the warden of the institution where she

1

was incarcerated on August 26, 2022, but did not receive a response before she submitted her motion on September 2, 2022. Doc. 108 at 3.

Kills in Water's conviction was the result of assaulting another with a hatchet the evening of December 6, 2021. Doc. 99 at ¶ 5. The evening of the offense, Kills in Water and her co-defendant were driving in and around Norris, South Dakota, with two other individuals, Mr. Broken Rope and Ms. Bettelyoun, when her co-defendant began to assault Mr. Broken Rope in their vehicle with a hatchet. Id. The group then went to the camper used as the co-defendant's home where Kills in Water then used the hatchet to assault Ms. Bettelyoun in an attempt to "play along" to keep her co-defendant from assaulting her. Id. Ms. Bettelyoun's interview indicated that Kills in Water choked her, struck her with the hatchet, threatened to burn her vehicle and house down with her children inside, prevented her and Mr. Broken Rope from exiting the camper, and tortured Mr. Broken Rope along with the co-defendant. Id. at ¶ 7.

Under the sentencing guidelines, Kills in Water's total offense level for assault with a dangerous weapon was 20 and fell into criminal history category I. Id. at ¶ 64. The base level of the offense was 14, but the specific offense characteristics, including the use of a dangerous weapon, bodily injury inflicted on the victim, restraint of the victim, and Kills in Water's acceptance of responsibility, led to a net increase of six points to reach the final offense level of 20. Id. at ¶¶ 15–26. As a result, Kills in Water's advisory guideline range was 33 months to 41 months. Id. at ¶ 64. This Court varied downward to impose a sentence that was less than half of the low end of Kills in Water's guideline range due to the circumstances of the crime that indicated duress and her health conditions.

Kills in Water is currently incarcerated at the Carswell Federal Medical Center (Carswell) in Fort Worth, Texas. Inmate Locator, Fed. Bureau Prisons, https://www.bop.gov/inmateloc/ (last

visited Jan. 26, 2023) (Register Number: 83114-509). However, at the time Kills in Water made her motion she was incarcerated at the Winner City Jail in Winner, South Dakota. Doc. 107 at 6; Doc. 111 at 1. Kills in Water is projected to be released in just under two months, on March 23, 2023. Id. Currently, Kills in Water is 40 years old. Id.

In early 2020, a novel coronavirus, COVID-19, quickly spread across the United States and infiltrated correctional institutions. The Centers for Disease Control and Prevention (CDC) has identified certain underlying health conditions that put individuals at higher risk for a severe form of the illness if they contract the disease. Among those at higher risk are individuals with cancer, chronic kidney disease, obesity, serious heart conditions, sickle cell disease, diabetes, as well as several other conditions. See People with Certain Medical Conditions, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Jan. 26, 2023).

Kills in Water filed a motion for compassionate release based on her health conditions, which make her more vulnerable to COVID-19. Doc. 107 at 4–5. Her health conditions include lupus, epileptic seizures, chronic asthma with bronchial spasms, renal failure, and Type I diabetes. Doc. 99 at ¶ 53; Doc. 107 at 5, 20. For her conditions Kills in Water takes a variety of medication multiple times a day and requires the use of a walker. Doc. 107 at 10, 21. If released, Kills in Water intends to live with her grandmother in Rapid City, South Dakota. Id. at 8.

## II. Discussion

In general, federal sentences are considered final judgments because a federal court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C.A. § 3582(c); United States v. Hodgin, No. 4:15-CR-40110-02-KES, 2021 WL 928179, at *1 (D.S.D. Mar. 11, 2021). However, in 2018, Congress passed the First Step Act (FSA), Pub. L. No. 115-

391, 132 Stat. 5194 (2018), which amended 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants to file motions directly with the court seeking compassionate release once they have exhausted administrative remedies. United States v. Rodd, 966 F.3d 740, 744 (8th Cir. 2020). Fully exhausting remedies is required before the motion can be filed. United States v. Houck, 2 F.4th 1082, 1083 (8th Cir. 2021). "Exhaustion occurs at the earlier of either (1) when the prisoner has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the prisoner's facility." Id. at 1083–84 (cleaned up and citation omitted). Kills in Water submitted her request for compassionate release to the warden on August 26, 2022. Doc. 108 at 3. However, Kills in Water filed her motion with this Court on September 2, 2022. Thus, Kills in Water failed to wait 30 days after submitting her request, instead waiting only seven. There is no record to show that Kills in Water used any of her administrative rights to appeal a failure of the Bureau of Prisons. Kills in Water did not fully exhaust, and her motion for compassionate release must be denied. However, even if Kills in Water had exhausted, her circumstances still do not warrant a sentence variation given the sentencing factors.

"Compassionate release provides a narrow path for defendants with 'extraordinary and compelling reasons' to leave prison early." Hodgin, 2021 WL 928179, at *1 (citing 18 U.S.C. § 3582(c)(1)(A)(i)). "It is the defendant's burden to establish that [s]he warrants a [18 U.S.C.] § 3582(c) reduction." United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). When evaluating a compassionate release petition, courts consider the sentencing factors in 18 U.S.C. § 3553(a) and must ensure any potential reduction is consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); see Hodgin, 2021 WL 928179, at *1. In addition to the advisory guideline range, a court under 18 U.S.C. § 3553(a) must consider:

4

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available[.]

Kills in Water's advisory guideline range was 33 months to 41 months based on a total offense level of 20 and a criminal history category of I. Doc. 99 at ¶ 64. This Court sentenced Kills in Water to 12 months and 1 day, less than half of the lowest end of the guideline range. Docs. 105, 107. Kills in Water's offense was serious. Kills in Water assaulted another with a hatchet and falsely imprisoned the victims in a camper where her co-defendant continually assaulted one victim in front of the other. Doc. 99 at ¶¶ 5, 7. However, Kills in Water had a limited criminal history, showing only traffic offenses, but also arrests for stalking, aggravated assault, and kidnapping, which were later dismissed, and three Temporary Orders for Protection entered against her. Id. at ¶¶ 31–43. Further, there was some evidence that Kills in Water's participation in the assault was coerced. Finally, at the time of sentencing, Kills in Water's health had been declining. The sentence reflected the seriousness of the offense, promoted respect for the law, provided just punishment, deterred the conduct, and protected the public.

The Sentencing Commission's policy statement, which was adopted before the FSA was passed, demands "extraordinary and compelling reasons" to warrant a sentence reduction, as well

as requiring that the defendant not pose a danger to the safety of others. Hodgin, 2021 WL 928179, at *2 (citing USSG § 1B1.13(1)-(2) (Nov. 2018)). Yet Congress has not defined what constitutes "extraordinary and compelling reasons." See 28 U.S.C. § 994(t). "The Sentencing Commission was directed to describe what should be considered extraordinary and compelling reasons and fashion 'the criteria to be applied and a list of specific examples.'" Hodgin, 2021 WL 928179, at *2 (quoting 28 U.S.C. § 994(t)). The Sentencing Commission characterized "extraordinary and compelling reasons" as pertaining to (1) the medical condition of the defendant, (2) time served in combination with advanced age and deteriorating health conditions, (3) compelling family circumstances, and (4) a catch-all category of "extraordinary and compelling reason[s] other than, or in combination with, the reasons described" previously as determined by the Director of the Bureau of Prisons (BOP). USSG § 1B1.13, cmt. n.1(A)–(D). Extraordinary and compelling reasons are further defined within each subset. Id. For example, a medical condition must affect the ability of the defendant to care for themself within the correctional facility or be a terminal illness. USSG § 1B1.13, cmt. n.1(A).

There is no doubt that Kills in Water has serious medical conditions. However, none of her medical conditions are terminal, all are manageable with proper care, and none prevent her from taking care of herself in prison, therefore Kills in Water lacks grounds for relief under comment note 1(A). See USSG § 1B1.13, cmt. n.1(A). Because Kills in Water is only 40 her age is not a compelling factor, so she lacks grounds for relief under comment note 1(B). See USSG § 1B1.13, cmt. n.1(B). Further, she alleges no cause for release relating to her family circumstances, thus Kills in Water lacks grounds for relief under comment note 1(C). See USSG § 1B1.13, cmt. n.1(C). Therefore, Kills in Water's petition, to justify granting, must fall under the final catch-all provision.

The COVID-19 pandemic is ongoing and Kills in Water does have risk factors associated with contracting COVID-19. Specifically, her asthma, diabetes, renal disease, and obesity are all conditions that make her more likely to get very sick from COVID-19. People with Certain Medical Conditions, supra. Carswell currently has one active case of COVID-19 among their inmate population and five cases among their staff, which is not surprising for a medical center. COVID-19: Coronavirus, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated Jan. 26, 2023) (COVID-19 Cases, Full breakdown and additional details...). Regardless, Carswell remains a level 1 facility, with only minimal modifications required due to the pandemic. FMC Carswell, Fed. Bureau Prisons, https://www.bop.gov/locations/institutions/crw/ (last visited Jan. 26, 2023).

The fact remains that Kills in Water was given a relatively short sentence because of the coercion from her co-defendant and her declining health. Thus, the sentenced imposed already considered the factors Kills in Water now argues warrants a reduction and support the original sentence this Court imposed. See United States v. Crow Eagle, No. 3:11-cr-30014-RAL, Doc. 153 at 10–11 (D.S.D. Mar. 17, 2022); see also United States v. Jones, No. 16-516 (KM), 2022 WL 341201, at *7 (D.N.J. Feb. 4, 2022) (denying a motion for compassionate release when the sentence imposed was designed with the petitioners physical condition in mind and the petitioner's physical condition did not outweigh "the need to maintain a sentence that reflects the seriousness of the offense and the need for punishment and deterrence"). As such, there are no extraordinary and compelling reasons to grant Kills in Water's release.

### III. Conclusion

For the reasons discussed above, it is hereby

ORDERED that Kills in Water's Motion for Compassionate Release, Doc. 108, is denied.

DATED this 30th day of January, 2023.

                      BY THE COURT:

                      _____
                      ROBERTO A. LANGE
                      CHIEF JUDGE